MEMORANDUM **
Plaintiffs Angel Moreno and Carmelita Moreno appeal from the dismissal of their amended complaint, which alleged claims under Arizona law against Defendants Wells Fargo, N.A. (Wells Fargo) and American Bankers Life Assurance Company of Florida (American Bankers). The Morenos’ claims included those for breach of the duty of good faith and fair dealing, breach of contract, consumer fraud, and unfair and deceptive acts .and practices in the business of insurance. The Morenos also appeal from the district court’s judgment awarding attorneys’ fees to defen *607 dants. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
1. The district court did not err in dismissing the Morenos’ claims for lack of proximately caused damages. See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir.2005) (“We review the district court’s grant of a motion to dismiss de novo,”). This case arises from a home loan that the Morenos obtained through Wells Fargo. In conjunction with this loan, the Morenos elected to purchase disability insurance coverage from Union Security Life Insurance Company, now known as American Bankers. The insurance policy at issue provided that coverage would terminate if and when: “You are considered in default under the terms of your debt agreement with the Creditor, or in default with your monthly insurance premium.” It is undisputed that the Morenos failed to timely make full mortgage and insurance premium payments beginning in April 2012, several months prior to Wells Fargo’s August 20, 2012 letter notifying the Morenos that their insurance coverage had ended. Accordingly, the Morenos’ failure to make their payments caused them to lose their insurance coverage, not any act or omission by defendants.
To be sure, Wells Fargo’s Truth in Lending Disclosure for Optional Credit Insurance provided that the Morenos would be notified prior to termination. As such, the Morenos contend that had they been notified prior to termination, they would have corrected the deficiency. However, neither the disclosure nor the insurance policy provided a right to cure or to reinstatement, and the statutory right to cure under Arizona law does not apply to insurance agreements. See Ariz. Rev. Stat. § 33-813 (requiring lenders to permit reinstatement of a deed of trust following default under certain circumstances). Accordingly, it would not have been reasonable for the Morenos to expect that a right to cure existed.
The parties do not dispute that Mr. Moreno became disabled in December 2012. Nor do the parties dispute that the Morenos seek coverage under the policy in question beginning at that time. The More-nos’ disability insurance coverage, however, terminated several months before Mr. Moreno’s disabling event and, therefore, before any coverage rights under their policy would have accrued. As a result, any failure by defendants to provide prompt notice of termination in April 2012 when the Morenos first failed to make full mortgage and insurance premium payments did not cause the Morenos’ loss.
Because the Morenos cannot overcome their causation problem, any amendment of the complaint would have been futile. The district court did not abuse its discretion by denying leave to amend. See Johnson v. Buckley, 356 F.3d 1067, 1077-78 (9th Cir.2004).
2. Nor did the district court abuse its discretion in awarding attorneys’ fees. See Rodriguez v. Disner, 688 F.3d 645, 659 (9th Cir. 2012). The district court considered the appropriate factors and made the necessary findings. See Am. Const. Corp. v. Philadelphia Indem. Ins. Co., 667 F.Supp.2d 1100, 1106-07 (D. Ariz. 2009) (listing relevant factors for court to consider in awarding attorneys’ fees); SER 2-5 (district court’s evaluation of factors). The Morenos’ contention that the district court did not give sufficient consideration to their financial condition is unavailing. The district court acknowledged and discussed the Morenos’ financial condition (see SER 3) and dramatically lowered the attorneys’ fees award sought by each defendant as a result.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.